IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                          :
                                                :    STANDING ORDER NO. 08-2
APPOINTMENT OF COUNSEL IN                       :
PROCEEDINGS RELATED TO THE                      :
RETROACTIVE CRACK-COCAINE                       :
GUIDELINE AMENDMENTS                            :

## ORDER

**WHEREAS** on November 1, 2007, the United States Sentencing Commission amended the Federal Sentencing Guidelines to lower the applicable guideline range for offenses involving cocaine base ("crack cocaine");

**WHEREAS** on December 11, 2007, the Sentencing Commission promulgated an amendment to Policy Statement § 1B1.10, effective March 3, 2008, which authorizes a court to reduce a previously imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) in cases involving crack-cocaine offenses where the applicable guideline range has been lowered;

**WHEREAS** it is estimated that several hundred defendants sentenced by this Court may be eligible for reductions as a result of these changes to the Sentencing Guidelines, and this Court has determined that the interests of justice require that counsel be provided to such defendants;

**THEREFORE, IT IS HEREBY ORDERED THAT**, effectively immediately, where it appears that a defendant may be eligible for a sentence reduction consistent with Policy Statement § 1B1.10, the Federal Public Defender for the United States District Court for the Middle District of Pennsylvania is appointed as counsel for all financially eligible persons, consistent with 18 U.S.C. § 3006A and the Criminal Justice Act Plan of the United States District Court for the Middle District of Pennsylvania, in all proceedings held in this Court pursuant to 18 U.S.C. § 3582(c) arising from the above-described crack-cocaine guideline

amendments. In the event that the Federal Public Defender is unable to represent a defendant in such proceedings, the Federal Public Defender shall designate an attorney in accordance with the Criminal Justice Act Plan of the United States District Court for the Middle District of Pennsylvania. In the event that a defendant was represented by counsel who is presently a member of the Criminal Justice Act Panel and is available to serve as counsel, said counsel shall be appointed.

FOR THE COURT,

_____
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: February 29, 2008

PROCEDURES for all four scenarios are described in detail below:

**I Prisoner Files Motion/Petition for Reduction of Sentence re: Crack-Cocaine Amendment OR Prisoner Files Some Document (e.g. letter) regarding the Crack Cocaine Amendment.**

      1. Check the docket and make sure defendant's counsel is not terminated. If counsel is terminated go into Utilities, Edit Case Participants, Modify Attorney and remove the term date on the attorney(s) record. This should only be done for the last attorney that represented the defendant (most recent attorney on the case and probably the attorney that represented the defendant during sentencing). We need to do this because we want the defendant's attorney to be noticed of the motion because the FPD's office will be contacting them to see if they are willing to represent the defendant in this matter.

      Make sure the AUSA is still with the U.S. Attorney's Office; if not, add Martin C. Carlson and Christian Fisanick as attorneys for USA. Make sure the proper Probation Office is an interested party on the case.

      2. If the defendant was represented by the FPD, skip this step but make sure the FPD is active in the case and is still employed by the FPD's office. If the FPD did NOT represent the defendant, do the following:

Add the Generic Federal Public Defender - Division as another attorney representing the defendant. This can be done in Edit Case Participants as well. You must pick the proper FPD office. In the last name field when searching for the attorney, you should enter:

Federal Public Defender and click on the attorney button. Only 3 accounts will come up. They are:

Federal Public Defender - Scranton
Federal Public Defender - Harrisburg
Federal Public Defender - Williamsport

      3. Make the defendant "pro se" and add their most recent address. This, too, can be done in Edit Case Participants. We need to do this so the defendant will receive a copy of the cover letter and Standing Order when docketed.

      4. Complete the cover letter in WordPerfect to add the defendant name, case number, caption of case; FPD office address and phone number, s/ your name, and date the letter. Convert to pdf or scan the cover letter and standing order. If you convert to pdf you will have to insert the standing order into the cover letter pdf file so it is one document when docketed.

      5. Click on Motions and then click on REDUCE SENTENCE re Crack Cocaine Offense - 18:3582. When you get to the docket text make sure you enter in the text (cc: defendant via US Mail). The Notice of Electronic Filing (NEF) will not list the defendant's name as being noticed by other means because the defendant is terminated in the case (because the case is closed).

6. Docket the cover letter and standing order using the event "Standing Order 08-2 Appointing FPD (Crack Cocaine Amendment). This event can be found under Other Orders/Judgments or you can use the search feature on the blue menu bar and search for crack.

7. Go into the Courtwatch Wrap Around program if not already in there and click on Notice Documents. Enter the Case Number and select the order you just docketed. Make sure the defendant shows on the screen and select the defendant so he/she will receive a mailed copy of the cover letter and order. Because these defendants are terminated you must make sure they appear. I think we have better control if the person docketing the order performs the noticing of the document to the defendant as well.

8. Once the FPD receives the Notice of Electronic Filing of the motion and standing order, Jim Wade will contact the attorney that represented the defendant, whether it was CJA or retained, to see if they are willing to represent the defendant in this matter. If they are not, Jim Wade will appoint an actual FPD to represent the defendant. You will be contacted by the FPD as to who the attorney is or they may file something stating that they are representing the defendant. Once you receive this phone call or an entry of appearance is filed, terminate the generic FPD attorney and either add or make sure the actual FPD attorney is active on the case. You can do this using the Utility Event - Add/Terminate Attorneys or in the editor under Edit Case Participants.

9. If the CJA or retained attorney agreed to represent the defendant in this matter, the FPD will file a "Substitution of Counsel in the form of a Praecipe" in ECF. During data quality control, you must check for these and then make sure the FPD's office is terminated and make sure the attorney entering their appearance is not terminated. If they are just take out the term date; you do not need to add them to the case again. If a CJA Panel Attorney is representing the defendant, you have to create the client notebook in the CJA system, print the CJA 20 Appointment order and send it to the Judge for signature. When it comes back, you have to docket it. (Refer to section on CJA Attorney).

You may also see an entry of appearance if retained counsel will be representing the defendant, while doing data quality. Again, term the FPD and make sure retained counsel is on the docket and is not terminated.